# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4742 | **DATE** | July 29, 2011 |
| **CASE TITLE** | Antonio Smith (2008-0062205) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

The case is dismissed. The Clerk is requested to enter a Rule 58 Judgment in favor of defendant Tom Dart against plaintiff Antonio Smith. No strike is assessed for this dismissal because it represents only a portion of plaintiff's original case. *Turley v. Gaetz*, 625 F.3d 1005, 1008-09 (7th Cir. 2010). However, Plaintiff is warned that he has previously struck out under 28 U.S.C. § 1915(g). *See Smith v. Illinois Dep't of Corr.*, No. 10 C 2531 (N.D. Ill. Apr. 30, 2010) (Dow, J.) (Dkt. No. 4); *Smith v. Doe*, No. 10 C 7745 (N.D. Ill. Dec. 15, 2010) (Dkt. No. 5) (Dow, J.); *Smith v. Doe*, No. 10 C 8074 (N.D. Ill. Feb. 14, 2011) (Dow, J.) (Dkt. No. 7); *Smith v. Doe*, No. 11 C 145 (N.D. Ill. Mar. 10, 2011) (Lefkow, J.) (Dkt. No. 4). He is warned that he must comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999). Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se Plaintiff Antonio Smith, a detainee at the Cook County Jail, has brought a civil rights action pursuant to 42 U.S.C. § 1983. He alleges that he was arrested and detained at the Cook County Jail beginning on August 24, 2008. He was then transferred out of Cook County to the Kankakee County Jail, and later to the Jefferson County Jail. Plaintiff alleges that: (1) he was assaulted by other inmates at the Jefferson County Jail; (2) the Cook County Department of Corrections failed to follow court orders from the Circuit Court of Cook County instructing that he be returned to Cook County; (3) he was denied the ability to communicate with his attorney and family while located outside of Cook County; (4) he was unable to access appropriate legal materials at the Kankakee Jail; and, (5) he contracted an infectious disease at the Kankakee County Jail because he was prohibited from buying his own underwear, and instead was forced to wear underwear that had been previously worn by other jail detainees.

The present case was filed in the United States District Court for the Central District of Illinois on December 10, 2010. (Dkt. No. 1). Chief Judge McCuskey granted plaintiff leave to proceed *in forma pauperis*, and performed an initial review pursuant to 28 U.S.C. § 1915A. He rejected plaintiff's claims from Kankakee County (which is located in the Central District of Illinois), but noted that plaintiff raised claims occurring in the Northern and Southern District of Illinois, respectively. Chief Judge McCuskey transferred the relevant portion of the case to each district so that they could evaluate plaintiff's claims related to their locations in the first instance. The Court received its portion of the case on July 14, 2011. (Dkt. No. 4).

This is not plaintiff's first case in this Court. Plaintiff has had four separate strikes assessed against him, but his third strike did not occur until after this case was filed in the Central District of Illinois. *Smith v. Illinois Dep't of Corr.*, No. 10 C 2531 (N.D. Ill. Apr. 30, 2010) (Dow, J.) (Dkt. No. 4) (dismissal for failure to state a

claim upon which relief can be granted); *Smith v. Doe*, No. 10 C 7745 (N.D. Ill. Dec. 15, 2010) (Dow, J.) (Dkt. No. 5) (dismissal for failure to state a claim upon which relief can be granted); *Smith v. Doe*, No. 10 C 8074 (N.D. Ill. Feb. 14, 2011) (Dow, J.) (Dkt. No. 7) (dismissal under statute of limitations when defense was apparent from the face of the complaint); *Smith v. Doe*, No. 11 C 145 (N.D. Ill. Mar. 10, 2011) (Lefkow, J.) (Dkt. No. 4) (dismissal for failure to state a claim upon which relief can be granted).

None of the prior cases explicitly warned plaintiff that he had acquired three strikes. The Court shall take that step now. Plaintiff is warned that he has already accumulated a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (*i.e.*, "strikes"), so he may not file future suits in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). He is also required to alert a federal court of this fact when filing a new suit in that Court. See *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of the prior three strikes will result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859. Plaintiff is warned that he must comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999).

As mentioned above, plaintiff filed this case in the Central District of Illinois prior to the accrual of his third strike, and so this action is not implicated by the three strikes rule. However, this case must be dismissed because the claims were previously rejected by the Court in *Smith v. Dart*, No. 10 C 3192 (N.D. Ill.) (Dow, J.). The Court's June 29, 2010 dismissal order explained that plaintiff had no right to be confined at the Cook County Jail because it was permissible to hold him anywhere in the State of Illinois. No. 10 C 3192, Dkt. No. 4 at 2. Furthermore, the mere alleged denial of access to a law library was insufficient to establish a claim because he had not suggested how any litigation was harmed. *Id*. Finally, the allegation that Cook County had ignored state court orders did not raise a federal claim. *Id*.

In Case No. 10 C 3192, this Court dismissed the remaining portions of the case regarding the Central and Southern District of Illinois claims without prejudice, and instructed plaintiff to raise those claims in the respective courts in the first instance. Plaintiff failed to follow the Court's June 29, 2010 order because he brought all of his claims, Northern, Central and Southern District of Illinois claims, in the present case that he filed in the Central District of Illinois in December 2010. The circle is now complete as the Cook County claims have been transferred back to this Court from the Central District of Illinois by Chief Judge McCuskey for a second go around.

Plaintiff did not appeal or take any other action disputing the Court's June 29, 2010 dismissal order in the No. 10 C 3192 case. This case is a repeat of the claims that were decided on the merits in No. 10 C 3192 case and they are barred by the application of claim preclusion from the No. 10 C 3192 case to this case. See *United States ex rel. Chovanec v. Apria Health Group, Inc.*, 606 F.3d 361, 362-63 (7th Cir. 2010). To the extent that it sets forth claims in Cook County that were previously decided in No. 10 C 3192, the complaint is dismissed on the merits. The remaining portion of the complaint addressing events in the Central and Southern District of Illinois are not before this Court pursuant to the transfer from the Central District of Illinois.

The Court cannot access a strike for this dismissal because it only represents a portion of Plaintiff's action as presented in the Central District of Illinois. *See Turley v. Gaetz*, 625 F.3d 1005, 1008-09 (7th Cir. 2010) (holding that a strike can only be accessed under 28 U.S.C. § 1915(g) when a Court dismisses the entire action under one of § 1915(g) enumerated grounds — dismissing a portion of the case such as a claim is insufficient to qualify as a strike). However, as discussed above, Plaintiff has already accrued three (in actuality four) strikes,

and so he must follow the previously explained limitations of *Sloan* and § 1915(g).

If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues that Plaintiff plans to present on appeal, see Fed. R. App. P. 24(a)(1)(C), and comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

In summary, the case is dismissed. The Clerk is requested to enter a Rule 58 Judgment in favor of Defendant Tom Dart against Plaintiff Antonio Smith. No strike is assessed for this dismissal because it represents only a portion of plaintiff's original case. *Turley v. Gaetz*, 625 F.3d 1005, 1008-09 (7th Cir. 2010). However, plaintiff is warned that he has previously struck out under 28 U.S.C. § 1915(g). See *Smith v. Illinois Dep't of Corr.*, No. 10 C 2531 (N.D. Ill. Apr. 30, 2010) (Dow, J.) (Dkt. No. 4); *Smith v. Doe*, No. 10 C 7745 (N.D. Ill. Dec. 15, 2010) (Dkt. No. 5) (Dow, J.); *Smith v. Doe*, No. 10 C 8074 (N.D. Ill. Feb. 14, 2011) (Dow, J.) (Dkt. No. 7); *Smith v. Doe*, No. 11 C 145 (N.D. Ill. Mar. 10, 2011) (Lefkow, J.) (Dkt. No. 4). He is warned that he must comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999). Civil Case Terminated.